UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BLAKE HICKMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-CV-00085-SNLJ |
| | ) |
| BLAIR LOGISTICS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This case comes before the Court on a Motion to Remand to the Circuit Court of Scott County, Missouri [Doc. 30], filed by plaintiff.

I.  **Background**

Plaintiff Blake Hickman filed a petition for damages on March 28, 2024 in the Circuit Court of Scott County, Missouri against defendants Blair Logistics, LLC ("Blair"), Gregory Williams, and Midwest Truck Sales and Service, Inc. ("Midwest"). Plaintiff alleges the following: on September 14, 2023, defendant Midwest sent a technician to respond to a service request on a freightliner owned by defendant Blair that had been having mechanical problems.  While the Midwest technician was on site to service the freightliner, defendant Williams, on behalf of Blair, began driving the freightliner southbound on Interstate 55.  Thereafter, Williams collided the freightliner with plaintiff's Jeep Wrangler on Interstate 55 in Scott County, Missouri, causing plaintiff damages.  Plaintiff alleges that all three defendants are liable for plaintiff's damages due to their negligence.  [Doc. 1-1.]

1

On May 2, 2024, defendant Blair filed a notice of removal with this Court, arguing that the Eastern District of Missouri has subject matter jurisdiction over this case based on diversity of citizenship. [Doc. 1.] In order for such jurisdiction to exist, there must be "complete diversity" between the parties, meaning that no plaintiff is a citizen of the same state as any of the defendants. *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023) (citing 28 U.S.C. § 1441(a)). In the present case, the parties' states of citizenship are not in dispute. Plaintiff Hickman is a citizen of Missouri, defendant Blair is a citizen of Alabama and Nevada, defendant Williams is a citizen of Mississippi, and defendant Midwest is a citizen of Missouri. [Doc. 1 at 2]; [Doc. 1-1 at 1–2.] At first glance, it appears clear that diversity of citizenship is not satisfied, because plaintiff Hickman and defendant Midwest are both citizens of Missouri. However, defendant Blair in its notice of removal argues that defendant Midwest was fraudulently joined to this claim and Midwest's citizenship should accordingly be disregarded. [Doc. 1 at 2–5.] If Midwest's citizenship is disregarded, complete diversity exists between the parties. Plaintiff filed the present motion to remand arguing Midwest's citizenship should not be disregarded, that complete diversity does not exist in this case, and that accordingly this Court has no jurisdiction to hear this claim.

II.     **Analysis**

"Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citing *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983)). "Joinder is not fraudulent if state law *might* impose liability

2

on the resident defendant under the facts alleged." *Halsey v. Townsend Corp.*, 20 F.4th 1222, 1226 (8th Cir. 2021) (citing *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). "The removing party alleging fraudulent joinder bears the burden of proving the alleged fraud." *Seoul Taco Holdings v. Cincinnati Ins. Co.*, No. 4:20-cv-1249-RLW, 2020 U.S. Dist. LEXIS 236461, at *3 (E.D. Mo. Dec. 16, 2020) (citing *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004)); *cf. Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005) (holding that the party removing to federal court "bears the burden of establishing jurisdiction by a preponderance of the evidence").

As the present question is jurisdictional, it is not the job of this Court currently to evaluate the merits of plaintiff's claim. This Court's task at this time "is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811.

"To prove a claim of negligence under Missouri law, 'a plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff.'" *Brown v. Davis*, 813 F.3d 1130, 1136 (8th Cir. 2016) (quoting *Lesch v. United States*, 612 F.3d 975, 981 (8th Cir. 2010)). In his complaint, plaintiff explicitly alleges that defendant Midwest owed him a duty of care, Midwest breached that duty of care, and plaintiff suffered injury because of that breach. [Doc. 1-1 at 4–5.]

3

Defendants offer a number of unconvincing arguments to support their claim of fraudulent joinder.  First, defendant Blair claims that Midwest owed plaintiff no duty of care because:

> the Petition does not state that Defendant Blair made a service request to Defendant Midwest.  It does not state that Midwest sent a technician to repair a Blair truck, nor does it state that Midwest's technician examined the Blair truck and/or knew or could have known of its dangerous condition.

[Doc. 33 at 2.]  This assertion is flatly contradicted by the record.  Plaintiff's complaint specifically states that "[i]n response to a service request, Midwest sent a technician out to work on the [Blair] vehicle," and "Midwest's field technician had advised Williams that the vehicle should not be driven on the roadway until he had performed *additional* work."  [Doc. 1-1 at 2–3.] (emphasis added).  Blair's argument in this regard fails.

Next, both defendants contend that Midwest owed plaintiff no duty of care because it was not foreseeable that Midwest's conduct would lead to plaintiff's injuries.  [Doc. 33 at 4]; [Doc. 34 at 5–6.]  Defendants are correct that foreseeability is a requirement in that Missouri law holds that "[a] duty arises when 'there is a foreseeable likelihood that particular acts or omissions will cause harm or injury.'"  *Lafarge N. Am., Inc. v. Discovery Group L.L.C.*, 574 F.3d 973, 984 (8th Cir. 2009) (quoting *Smith v. Dewitt & Assocs.*, 279 S.W.3d 220, 224 (Mo. Ct. App. 2009)); *see Madden v. C & K Barbecue Carryout*, 758 S.W.2d 59, 62 (Mo. banc 1988) ("The touchstone for the creation of a duty is foreseeability.  A duty of care arises out of circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury.").

4

However, defendants have not demonstrated that plaintiff's injuries were not the foreseeable consequence of Midwest's alleged conduct. According to plaintiff, "Midwest sent a technician out to work on [Blair's] vehicle," and the technician "failed to bring adequate tools so as to promptly repair the vehicle" and "failed to tow the vehicle from the scene to prevent a disabled vehicle from becoming a hazard to the traveling public." [Doc. 1-1 at 4–5.] The complaint also contains the two incompatible assertions that the technician "had advised Williams that the vehicle should not be driven" and "in the alternative, Midwest's technician failed to advise Williams that he should not operate the vehicle…" *Id.* at 3–4. The latter assertion, if proven, is conceivably evidence of foreseeability—that the failure to warn against driving the vehicle could lead to an accident. Whether or not the warning was given is a factual matter outside the scope of this analysis. It is enough for the present matter to note that there is a possibility that the fact finder could find that Midwest's technician failed to warn Williams that the truck was disabled.

From this, there is "arguably a reasonable basis," *Filla*, 336 F.3d at 811, to conclude that Midwest's technician had "'knowledge of a dangerous condition, which imperil[ed] the plaintiff'"—namely the presence of a disabled vehicle on Interstate 55—and the technician's alleged failures created a "foreseeable likelihood that [such failures would] cause harm or injury" to a third party, *Bradley*, 904 S.W.2d at 311 (quoting *Reed*, 693 S.W.2d at 282). For this reason, defendants' foreseeability argument fails as well.

Additionally, both Blair and Midwest variously claim that Midwest owed plaintiff no duty of care because there existed no agreement between Midwest and Blair to repair

5

Blair's truck, and even if an agreement did exist, plaintiff was not a party to it. [Doc. 33 at 1–2]; [Doc. 34 at 3–4.]  This argument fails on its face because it rests on the faulty assumption that privity between parties is necessary for a duty of care to arise.  "In such cases [where there is a foreseeable likelihood that particular acts or omissions will cause harm or injury], duty does *not* arise out of any 'special relationship' between the parties, but rather arises 'out of the defendant's knowledge of a dangerous condition, which imperils the plaintiff…'" *Bradley v. Ray*, 904 S.W.2d 302, 311 (Mo. Ct. App. 1995) (emphasis added) (quoting *Reed v. Hercules Constr. Co.*, 693 S.W.2d 280, 282 (Mo. Ct. App. 1985)).  That duty of care can extend to third parties: "[w]hen a defendant undertakes an activity that the defendant knows can affect the safety of third persons, the defendant has a duty of care to those third persons 'to act in such a way that they will not be injured.'" *A.O.A. v. Rennert*, 350 F. Supp. 818, 844 (E.D. Mo. 2018) (quoting *Wolfmeyer v. Otis Elevator Co.*, 262 S.W.2d 18, 22 (Mo. 1953)).  As noted, there is "arguably a reasonable basis" to conclude that plaintiff's injuries were the foreseeable consequence of Midwest's conduct.  *Filla*, 336 F.3d at 811.  Defendants' argument accordingly fails.

Defendants finally claim that joinder was fraudulent because Midwest's conduct was not the proximate cause of plaintiff's injuries.  [Doc. 33 at 5]; [Doc. 34 at 6–7.]  Under Missouri law, "[t]o establish proximate cause…*[i]t is enough* that [defendant's] negligence was a 'substantial factor' in producing [plaintiff's] injuries, and [plaintiff's] negligence need not be the sole proximate cause." *Morrow v. Greyhound Lines, Inc.*, 541 F.2d 713, 718 (8th Cir. 1976) (emphasis added) (internal citations omitted) (quoting

6

*Ricketts v. Kansas City Stockyards Co.*, 484 S.W.2d 216, 222 (Mo. banc 1972)). Once again, the task of this Court "is limited to determining whether there is **arguably** a reasonable basis for predicting that the state law **might** impose liability based upon the facts involved," *Filla*, 336 F.3d at 811 (emphases added), and it is the removing party's burden to prove otherwise, *Seoul Taco Holdings*, 2020 U.S. Dist. LEXIS 236461, at *3. Defendants have not met that burden. It is at least arguable from the facts alleged that Midwest's technician's actions were a "'substantial factor' in producing [plaintiff's] injuries." *Morrow*, 541 F.2d at 718 (quoting *Ricketts*, 484 S.W.2d at 222).

### III. Conclusion

Having found that there is arguably a reasonable basis upon which a Missouri court might find that defendant Midwest owed a duty of care to plaintiff, breached that duty, and proximately caused plaintiff's injuries, this Court concludes that Midwest was not fraudulently joined to this action as a party defendant.

Accordingly, there is not complete diversity between plaintiff and defendants, and this Court has no subject matter jurisdiction over this case.

**IT IS HEREBY ORDERED** that plaintiff's Motion for Remand, [Doc. 30], is **GRANTED**, and this case is **REMANDED** to the Circuit Court of Scott County, Missouri.

Dated this 8th day of August, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE